**Fruitquan R. BAILEY, Plaintiff,**

v.

**NEW YORK CITY POLICE
DEPARTMENT, et al.,
Defendants.**

No. 93–CV–1281 (JG).

United States District Court,
E.D. New York.

Jan. 10, 1996.

Paul A. Crotty, Corporation Counsel of the City of New York by John P. Woods, Assistant Corporation Counsel, New York City, for Defendants.

Fruitquan R. Bailey, Stormville, NY, pro se.

*MEMORANDUM AND ORDER*

GLEESON, District Judge:

Fruitquan R. Bailey ("Bailey") commenced this suit pursuant to 42 U.S.C. § 1983 seeking damages for violation of his constitutional rights. Originally, Bailey claimed that the New York City Police Department ("the Police Department"), the New York City Department of Corrections ("the Department of Corrections"), and various individuals were responsible for his false arrest and malicious prosecution. However, on September 24, 1993, Bailey's suit against the individual defendants was dismissed upon a motion of the defendants. Bailey's suit remained against the Police Department and the Department of Corrections.[1] The Police Department and the Department of Corrections now move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

*FACTS*

The complaint alleges that Bailey was falsely arrested and incarcerated at Rikers Island on February 11, 1992, where, after four days of incarceration, another inmate slashed his face. Later that day, Bailey, who had not yet been indicted, was released from custody on his own recognizance. The case against Bailey was subsequently dismissed on March 27, 1992.

*DISCUSSION*

Defendants argue that the Police Department and the Department of Corrections are not entities that can sue or be sued and that even if Bailey intended to sue the City of New York, he has failed to allege that the violation of his constitutional rights was caused by a policy of custom of the City.

---

1. Magistrate Judge Steven M. Gold issued an Order requiring Bailey to clarify whether, despite having named the Police Department and the Department of Corrections in his complaint, he actually intended to sue the City of New York. Bailey responded that he intended to sue the Police Department and the Department of Corrections.

■ It has been widely held that because the New York City Police Department is an agency of the City of New York, it cannot be sued independently under § 1983. *See, e.g., Wilson v. City of New York,* 800 F.Supp. 1098 (E.D.N.Y.1992) (citing New York City Charter, Chapter 16, § 396); *East Coast Novelty Co., Inc. v. City of New York,* 781 F.Supp. 999, 1010 (S.D.N.Y.1992); *Martin v. City of New York,* 627 F.Supp. 892, 894 n. 2 (E.D.N.Y.1985). This rationale also applies to the New York City Department of Corrections. Therefore, Bailey's claims against the Police Department and the Department of Corrections must be dismissed.

■ If Bailey intended to sue the City of New York, he was required to allege that the violation of his constitutional rights was caused by an official custom, practice, or policy promulgated by a municipal policy maker. *City of Oklahoma City v. Tuttle,* 471 U.S. 808, 823–824, 105 S.Ct. 2427, 2436–37, 85 L.Ed.2d 791 (1985). Under § 1983, municipalities may not be held liable unless action pursuant to official municipal policy caused a constitutional tort. *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). Bailey makes no allegations that the violation of his constitutional rights was caused by any custom or policy of the City of New York. He only alleges that he was harmed by individual employees of the Police Department and the Department of Corrections. Therefore, if Bailey intended to sue the City of New York, he has failed to make out a claim for municipal liability under § 1983.

### CONCLUSION

For the reasons stated above, this case is dismissed against the New York City Police Department and the New York City Department of Corrections. The Clerk of the Court is advised that this Order closes the case.

So Ordered.