**Michael J. LOVANYAK, Plaintiff,**

v.

**William COGDELL, Warden, William Fraser, Deputy Warden, and New York City Department of Corrections, Defendants.**

**No. 96–CV–0290 (JRB).**

United States District Court,
E.D. New York.

Sept. 30, 1996.

Michael J. Lovanyak, New Brunswick, NJ, pro se.

Jennifer Anne Lowitt, Office of the Corporation Counsel, New York City, for New York City Department of Corrections.

*MEMORANDUM–DECISION
AND ORDER*

BARTELS, District Judge.

Defendants William Fraser and New York City Department of Corrections ("DOC") move under Fed.R.Civ.P. 12(b)(6) to dismiss Plaintiff *pro se* Michael J. Lovanyak's 42 U.S.C. § 1983 action for failure to state a claim upon which relief can be granted. For the reasons set forth below, the motion to dismiss is granted.

*Background*

Lovanyak alleges the following facts in his complaint, which the Court accepts as true for the purposes of this motion. On April 11, 1994, while awaiting transport from a holding cell in the Brooklyn House of Detention to a court appearance, four or five inmates attacked him, knocked him unconscious and took his new pair of sneakers. As a result of this altercation, Lovanyak received several lacerations and damage to several teeth.

Lovanyak then informed a corrections officer, but was immediately called for transportation to court. He subsequently informed the captain supervising the holding cell and the judge presiding over his case of both the incident and his desire for medical attention. Upon returning to the Brooklyn House of Detention later that day, he similarly informed another corrections officer. Lovanyak then was sent back to his housing unit, where he informed a housing officer, who in turn informed the captain on duty, at which time, twelve hours after the original incident, Lovanyak was examined by a doctor and returned to the housing unit, without receiving any treatment.

Two days later, on April 13, 1994, Lovanyak was transferred to Rikers Island, and to his knowledge, the incident was neither investigated nor pursued by DOC.

Lovanyak then filed the instant action on January 23, 1996 under § 1983 seeking $250,-000 for "physical and emotional pain and suffering as a result of the negligent handling of this incident." Lovanyak does not identify any of the officers involved in the events of April 11, 1996 nor does he name them in the complaint, but sues only DOC, Warden Cogdell and Deputy Warden Fraser.

Lovanyak served DOC and Fraser with process in this action, but never served Cogdell. DOC and Fraser join in this motion to dismiss the action pursuant to Rule 12(b)(6). Lovanyak has not filed opposition papers.

*Discussion*

I. *Local Rule 3(b)*

██ Local Rule 3(b) [1] of the Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York authorizes the Court to grant the motion of DOC and Fraser solely on the basis of Lovanyak's failure to oppose the motion. *See Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir.1996); *Federal Trade Commission v. Metropolitan Communications, Corp.*, No. 94 Civ. 0142, 1995 WL 540050 at *1 (S.D.N.Y. Sept. 11, 1995). The Court, however, will address the merits of the motion nevertheless.

II. *Standard of Evaluation for Rule 12(b)(6) Motion*

On a motion to dismiss under Rule 12(b)(6), the Court must accept all of Lovanyak's material allegations as true, *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 163, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993), and must construe all reasonable inferences in his favor. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The Court may only grant the motion if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–

---

1. Local Rule 3(b) provides:

Upon any motion the moving party shall serve and file with the motion papers a memorandum setting forth the points and authorities relied upon in support of the motion divided, under appropriate headings, into as many parts as there are points to be determined. The opposing party shall serve and file with the papers in opposition to the motion [ ] an answering memorandum, similarly divided, setting forth the points and authorities relied upon in opposition. *Failure to comply may be deemed sufficient cause for the denial of the motion or the granting of the motion by default.* (emphasis added).

46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). Additionally, as Lovanyak appears *pro se,* the Court must view his complaint with added deference. *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972).

### III. *Department of Corrections*

■ Even holding Lovanyak's allegations to a less stringent *pro se* standard, it is clear that in naming DOC as a defendant, he has sued a non-suable entity. The New York City Charter provides:

> All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law.

New York City Charter § 396. This section has often been used to bar suit against the New York City Police Department, *Wilson v. City of New York,* 800 F.Supp. 1098, 1101 (E.D.N.Y.1992) (dismissing claim "because [the New York City Police Department] is an agency of the City of New York" which may not be sued independently); *East Coast Novelty Co. v. City of New York,* 781 F.Supp. 999, 1010 (S.D.N.Y.1992) (Police Department of New York City "is not a suable entity"), and "[t]his rational also applies to the New York City Department of Corrections." *Bailey v. New York City Police Department,* 910 F.Supp. 116, 117 (E.D.N.Y.1996). Thus, DOC's motion must be granted and the action against it dismissed.

### IV. *Deputy Warden Fraser*

■ In order to meet minimum pleading standards and state a claim under § 1983, the complaint must allege personal involvement by the named defendants. *Williams v. Smith,* 781 F.2d 319, 323 (2d Cir.1986) (finding such involvement in direct participation, failure to remedy known harm, creating policy or custom or allowing such policy or custom to continue, and gross negligence in managing subordinates); *Griffin v. Rikers*

*Island House of Detention for Men,* No. 91–CV–1694, 1993 WL 17203, at *2 (S.D.N.Y. Jan. 19, 1993) ("Plaintiff has failed to allege facts demonstrating that the Warden had any direct involvement with, knowledge of, or responsibility for the alleged deprivation of plaintiff's civil rights."). Furthermore, there is no § 1983 liability under *respondeat superior* without a showing that the allegedly illegal acts were committed pursuant to an official policy or custom. *Monell v. Dept. of Social Services of the City of New York,* 436 U.S. 658, 691, 694, 98 S.Ct. 2018, 2036, 2037–38, 56 L.Ed.2d 611 (1978). As Lovanyak has made no factual allegations concerning Fraser[2] and does not allege an official policy or custom, the action against him cannot be sustained, and the motion to dismiss is granted.

### Conclusion

For the foregoing reasons, the motion to dismiss is GRANTED and the complaint is DISMISSED. As a *pro se* plaintiff should be given an opportunity to amend his or her complaint in order to state a claim, *See Elliott v. Bronson* 872 F.2d 20, 22 (2d Cir.1989); *Salahuddin v. Cuomo,* 861 F.2d 40, 43 (2d Cir.1988); *Scott v. Abate,* No. 93–CV–4589, 1995 WL 591306, at *4 (E.D.N.Y. Sept. 27, 1995), the dismissal is without prejudice to amend within 14 days in accordance with the above.

**SO ORDERED.**

---

**2.** Although Warden Cogdell has not been served and thus does not join in the motion to dismiss, the same reasoning would apply to him.