Donald **MURPHY**, Plaintiff,

v.

The **BOARD OF EDUCATION OF THE ROCHESTER CITY SCHOOL DISTRICT**, et al., Defendants.

No. 93–CV–6158L.

United States District Court,
W.D. New York.

Dec. 16, 1999.

Joseph A.F. Valenti, Smallwood–Cook, Stout & Grossman, Emmelyn Logan–Baldwin, Rochester, NY, for Donald Murphy, plaintiff.

Greta Katrin Kolcon, Harter, Sectrest & Emery, Louis N. Kash, Rochester City School District, Rochester, NY, for The Board of Education of the Rochester City School District, Emanuel Rivera, Barbara McGriff, Harry NMI Harris, Member of Former Principal of Franklin, defendants.

Harry Bernard Bronson, Blitman & King, Jules L. Smith, Blitman & King, Rochester, NY, for The Rochester Teachers' Association, Adam Urbanski, defendants.

Louis N. Kash, Rochester City School District, Rochester, NY, for Peter McWalters, The Former Superintendent of the Rochester City School District, defendant.

Greta Katrin Kolcon, Harter, Sectrest & Emery, Rochester, NY, for Kay McClendon, Former Principal of Franklin High School, defendant.

## DECISION AND ORDER

LARIMER, Chief Judge.

### I. BACKGROUND

On December 15, 1997, this Court, having been advised by counsel that the matter had been settled, entered an order of dismissal and the case was closed. The parties thereafter executed a confidential settlement agreement on December 31, 1997, which was never filed with the Court.[1]

On November 16, 1998, plaintiff's then-attorney filed an Order to Show Cause seeking to enforce the settlement agreement or to reopen the original cause of action. The Court attempted to resolve the disputes and eventually directed the parties to proceed before United States Magistrate Judge William G. Bauer for mediation. Unfortunately, the parties were unwilling or unable to settle their disputes. Thereafter, the Board of Education of the Rochester City School District together with the named individual school district officials (collectively "the Board defendants") moved to deny plaintiff's request to enforce the December 1997 settlement agreement and to limit plaintiff's relief to vacating the agreement and reopening the action. The Rochester Teachers' Association and its President (collectively "the RTA defendants") joined in the motion.

Plaintiff obtained new counsel and on October 19, 1999 filed what was described as a "cross-motion" seeking to vacate the Court's December 1997 dismissal order, force compliance with the terms of the settlement agreement, file a supplemental complaint and add necessary parties.

For the reasons that follow, defendants' motions are granted and plaintiff's motions are in all respects denied.

---

1. So that the record will be complete, the confidential settlement agreement will be filed under seal this day.

## II. DISCUSSION

This action was originally commenced in 1993. In July of 1997, the Board defendants and the RTA defendants filed separate motions for summary judgment, and the Court heard oral argument. While these motions were *sub judice*, the parties advised the Court that the matter had been settled. Based on that representation, the Court entered its dismissal order on December 15, 1997. The order, which is used by the Court in virtually every case where the parties have advised the Court of their agreement to settle the matter, provides as follows:

> The Court having been advised by counsel that the above action has been settled, it is therefore
>
> ORDERED, that the action and all claims and cross-claims therein are hereby dismissed with prejudice. Each party must bear its own costs; and it is further
>
> ORDERED, that if there is a material breach of the terms of settlement, either party, on notice, may move to vacate this dismissal order and restore the case to the calendar.

At the time the case was settled, the Court had not seen the December 31, 1997 settlement agreement. The four-page settlement agreement provided several substantial benefits to plaintiff. His seniority date was adjusted to affect his benefits, and he also received a sum of money. In consideration of these matters and several others, plaintiff agreed to dismiss the action and to discharge all defendants from any liability for the matters raised in plaintiff's complaint. Neither the settlement agreement nor the Court's order of dismissal contained any statement that this Court retained jurisdiction over the matter. The parties did not request such

relief and none was afforded to them by the Court, *sua sponte*.

The Court's first task is to divine precisely what plaintiff seeks at this juncture in his several motions. Both plaintiff's original Order to Show Cause and the cross-motion filed by plaintiff's new attorney sought mutually exclusive types of relief. Plaintiff sought both to enforce the settlement agreement, which contains a material term requiring the dismissal of the pending lawsuit, and also to reopen the original cause of action. Certainly, plaintiff cannot have his proverbial cake and eat it too. During oral argument, plaintiff's counsel clarified that plaintiff seeks only to enforce the settlement agreement and to litigate additional alleged acts of discrimination and retaliation.[2] As such, the Court will first address the plaintiff's request to enforce the settlement agreement.

■ In *Kokkonen v. Guardian Life Insurance Company of America*, the Supreme Court held that where a district court has not properly retained jurisdiction over a settlement agreement, the court lacks federal jurisdiction over an action to enforce the agreement. 511 U.S. 375, 381–82, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). Absent an independent basis for federal jurisdiction, any such action is properly enforced in state court. *Id.* at 382, 114 S.Ct. 1673. Thus, where a dismissal order "neither expressly retains jurisdiction over the [settlement] [a]greement nor incorporates its terms," a district court must decline to exercise jurisdiction. *Scelsa v. City Univ. of New York*, 76 F.3d 37, 41 (2d Cir.1996).

■ The relief sought by the plaintiff in *Scelsa* is remarkably similar to what plaintiff seeks here. In *Scelsa*, the plaintiff did not seek to reopen the settled action but to enforce parts of the settlement agreement.

---

2. Should plaintiff seek to vacate the settlement agreement, it is logical that he must disgorge any monetary benefits gained as a result of the agreement. Plaintiff has not indicated any such intent. *See Lucille v. City of Chicago*, 31 F.3d 546, 548 (7th Cir.1994)

(Plaintiff did not seek to vacate the contested settlement agreement because "[r]ecission would require him to tender at least the [monetary settlement award], which he had not offered to do.").

The Second Circuit rejected that application and pointed out that a plaintiff bears the burden of establishing federal court jurisdiction. An action to enforce a settlement agreement requires its own basis for jurisdiction. In my view, the Supreme Court's decision in *Kokkonen* and the Second Circuit's decision in *Scelsa* are dispositive and preclude the relief sought by plaintiff here.

Plaintiff argues that the Court's dismissal order suggests that the Court "expressly provided for its continuing jurisdiction." Plaintiff's Brief in Support of Cross Motion, p. 7. This is a gross mischaracterization. The plain language of the dismissal order, frequently utilized by this Court, refutes plaintiff's argument. The dismissal order allows the parties only the option of vacating the dismissal order, it does not specifically retain jurisdiction over the enforcement of the agreement.[3] *See Scelsa,* 76 F.3d at 42 ("[T]here are few persons in a better position to understand the meaning of an order of dismissal than the district judge who ordered it."); *see also Torres v. Costich,* 935 F.Supp. 232, 233 (W.D.N.Y.1996) (This Court's order approving settlement contained language stating that the "Court shall retain jurisdiction over the parties for the purposes of enforcing this Order and the terms of the Stipulation of Settlement."). It should also be noted that neither the language of the Court's order of dismissal nor the later-executed settlement agreement manifest the parties' intent to provide this Court with continuing jurisdiction. I, therefore, find that the Court did not retain jurisdiction over the settlement agreement.

■ During oral argument, counsel for plaintiff argued that because plaintiff as-

serts new claims of discrimination and retaliation, these claims provide the Court with "pendent" jurisdiction to enforce the settlement agreement. The simple answer to this suggestion is that there is no action now pending before the Court. By the terms of the settlement agreement, this action has been dismissed. Plaintiff's present request to file a "supplemental complaint" to an action that has been dismissed is unavailing. The doctrine of pendent jurisdiction, codified at 28 U.S.C. § 1367, necessarily requires that the Court have jurisdiction over the underlying action before it can exercise pendent jurisdiction over a state law claim. That is not the situation here.

If plaintiff wishes to file a new action in federal court, he may do so assuming that he has the requisite federal jurisdiction and assuming such a complaint does not breach the terms of the settlement agreement between the parties. If plaintiff elects to pursue his right to enforce the settlement agreement, he must do so in state court. As the Second Circuit pointed out in *Scelsa,* plaintiff has chosen the wrong forum to enforce his state law contract action. *See* 76 F.3d at 41.

### III. CONCLUSION

Plaintiff's Order to Show Cause (Dkt.# 62) and plaintiff's cross-motion (Dkt.# 76) are in all respects denied. The Rochester City School District's motion (Dkt.# 73) and the Rochester Teachers' Association's motion (Dkt.# 81) are granted.[4]

IT IS SO ORDERED.

---

**3.** Moreover, the Court's order retains little more jurisdiction over the settlement agreement than provided for in Federal Rule of Civil Procedure 60(b)(6). *See Shor Int'l Corp. v. Eisinger Enterprises, Inc.,* 1993 WL 452546 at *1–2 (S.D.N.Y. Nov.3, 1993) (The court may vacate an order of dismissal under Rule 60(b) where plaintiff has established a material breach of the settlement agreement.). In

*Kokkonen,* the Supreme Court, while noting that the parties did not seek to reopen the settlement agreement, indicated that "[s]ome Courts of Appeals have held that [this relief] can be obtained under Federal Rule of Civil Procedure 60(b)(6)." 511 U.S. at 378, 114 S.Ct. 1673.

**4.** The RTA defendants also argued that there has been no allegation that the RTA breached

the settlement agreement, therefore, the agreement could be vacated only as to the Board defendants. Having found that the Court does not have jurisdiction to enforce the settlement agreement, the Court makes no findings regarding this argument.