**Harold NANCE, Plaintiff–Appellant,**

v.

**NYPD, Defendants–Appellees.**

**Docket No. 01–7345.**

United States Court of Appeals,
Second Circuit.

March 13, 2002.

Harold Nance, pro se, Brooklyn, NY.

Michael D. Hess, Corporation Counsel; Julie Steiner, Assistant Corporation Counsel, Brooklyn, NY, on the brief, (On submission), for Appellee.

Present OAKES, VAN GRAAFEILAND, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is AFFIRMED.

 Harold Nance, *pro se* and *in forma pauperis*, appeals from a district court order construing his amended 42 U.S.C. § 1983 complaint as a motion to reopen, denying it, and, accordingly, denying as moot his motion for a preliminary injunction. *See* Record on Appeal ("ROA") docs. 28 (Order), 30 (Notice of Appeal).

In November 1999, Nance filed a § 1983 complaint charging that in September 1999, he was arrested without "proper cause," and was subjected to "illegal confinement; false imprisonment; abuse of authority and harassment" by the New York City Police Department, and specifically, Officer Virgil Cumberbatch.[1] *See* ROA doc. 2 (complaint).

---

1. In March 2000, the New York City Corporation Counsel informed the district court that, pursuant to *Bailey v. New York City Police Department*, 910 F.Supp. 116, 117 (E.D.N.Y. 1996), the New York City Police Department was a non-suable entity. *See* ROA doc. 8 (letter). In June 2000, the district court construed Nance's complaint to be against the City of New York, and ordered the Corpora-

In July 2000, the defendants notified the district court that a settlement agreement had been reached that would "terminate this litigation as to the named defendants and any and all New York City employees, named or otherwise." *See* ROA doc. 16 (letter). In response, the district court, on July 28, 2000, issued an order discontinuing the action without prejudice to reopen if the settlement was not consummated within 60 days, after which time, prejudice would attach to any attempt to reopen. *See* ROA doc. 15 (Order). The defendants subsequently mailed the district court the Stipulation and Order of Settlement and Dismissal, signed by both parties, which the court endorsed and filed on August 8, 2000.[2] *See* ROA doc. 17 (Stipulation).

In October 2000, several days after the New York City Comptroller issued Nance his settlement check, Nance moved to "cancel the early prior 'settlement'" because "something was done too hastily to to [sic] soon . . . to not have received any compensation moneys" and because he should have been "granted a great deal more than 'demanded' considerably." *See* ROA doc. 18 (motion). He again attempted to withdraw from the settlement in November 2000, arguing that he retained the right to reopen the action because he had not received his compensation within 60 days of the July 28, 2000 order giving the parties 60 days to consummate a settlement. *See* ROA doc. 22 (letter). In December 2000, the district court denied Nance's motion to reopen, stating, "Nothing in the plaintiff's papers adequately explains why he now seeks to reopen." *See* ROA doc. 20 (Endorsement Order).

Nance filed an amended § 1983 complaint in January 2001 in which he alleged that the NYPD, Cumberbatch, and Officers John and Jane Doe of Brooklyn's 73rd Precinct, in their individual capacities, and New York City Police Commissioner Bernard Kerik, violated both the Fourth and Fourteenth Amendments and New York State common law. *See* ROA doc. 24 (amended complaint). In addition to reiterating his unreasonable search and seizure claim, Nance alleged that, as a result of "policies and customs of the City of New York," the defendants "physically abused, annoyed and harassed and battered [him]." *Id.*

In January 2001, the district court ordered Nance to show cause as to why his amended complaint should be received in a case that had already been settled and closed. *Id.* Rather than doing so, however, Nance, in February 2001, moved for a preliminary injunction to prohibit the defendants from "malicious prosecution, abuse of authority and harassment," and to preserve the status quo while his "trademark claims" were considered. *See* ROA doc. 25 (motion). Nance argued that the preliminary injunction should issue because the defendants had failed to comply with the district court's July 2000 order directing the parties to consummate a settlement within 60 days, and stated that he had only agreed to the settlement because the $1,000 payment would have covered some bills which had been due within 60 days. *Id.*

At a March 2001 status conference, the district court determined that Nance had received his settlement check in October

---

tion Counsel to answer or move for dismissal on the City's behalf. *See* ROA doc. 12.

**2.** By the terms of the Stipulation, the defendants agreed to pay Nance $1,000 in full satisfaction of all claims, and Nance agreed to dismiss with prejudice all claims against the individually named defendants and to release all defendants from any and all liability, claims, or rights of action arising from and contained in the complaint. *See* ROA doc. 17.

2000. *See* ROA doc. 27 (civil calendar entry). Accordingly, on March 13, 2001, the court construed Nance's amended complaint as a motion to reopen, denied it, and denied as moot his request for a preliminary injunction. *See* ROA doc. 28. On March 21, 2001, Nance timely filed a Notice of Appeal. *See* ROA doc. 30.

On appeal, Nance argues that the district court improperly dismissed his motion to reopen because the defendants failed to comply with the aforementioned July 2000 district court order directing the parties to consummate a settlement within 60 days.[3] *See* Appellant's Br. He also argues that the "U.S. Arbitration Act" provides a suitable remedy and should be used to dispose of the dispute. *Id.*

In its March 2001 Order, the district court essentially construed Nance's amended complaint as a motion to vacate brought pursuant to Fed.R.Civ.P. 60(b). Rule 60(b) allows a district court to relieve a party from a final judgment for several reasons, including any reason "justifying relief from the operation of the judgment."[4] *See* Fed.R.Civ.P. 60(b). However, such relief is only warranted under "extraordinary circumstances," or to prevent "extreme and undue hardship." *See DeWeerth v. Baldinger*, 38 F.3d 1266, 1272 (2d Cir.1994).

This Court reviews district court rulings on Rule 60(b) motions for abuse of discretion. *See Rodriguez v. Mitchell*, 252 F.3d 191, 200 (2d Cir.2001). In this case, Nance has not demonstrated any "extraordinary circumstances" or "extreme and undue hardship" that would justify vacating the stipulation agreement and reopening a closed case. Indeed, while Nance stated in his preliminary injunction request that he accepted the stipulation agreement in July 2000 so that he could pay pending bills, he failed to cash his settlement check until March 2001, five months after having received it. Accordingly, the district court did not abuse its discretion in denying Nance's motion to vacate, and its ruling should be affirmed.

■ Moreover, this Court has held that litigants seeking to vacate settlement agreements must disgorge any monetary benefits gained as a result of the agreement. *See Murphy v. Board of Educ. of Rochester City School Dist.*, 79 F.Supp.2d 239, 241 (W.D.N.Y.1999) (holding that a litigant could not simultaneously seek to enforce the terms of a settlement agreement and also reopen the original cause of action) (*citing Lucille v. City of Chicago*, 31 F.3d 546, 548 (7th Cir.1994)) (holding that a litigant did not seek to vacate a contested settlement agreement because "[r]ecission would require him to tender at least the [monetary settlement award], which he had not offered to do"). In this case, Nance sought to vacate the stipulated settlement agreement that both he and the defendants had signed, and that the district court endorsed in August 2000. By

---

**3.** In a Pre–Argument Statement enclosed with his appeal, Nance stated that, in addition to reversal of the March 2001 district court order, he sought money damages and "summary judgment in favor." *See* Appellant's Br. and App.

**4.** While there is no indication in the record or district court docket sheet that a "judgment" was ever entered, this Court has held that lawsuits terminated via settlement agreement may be dismissed by stipulation without a formal judgment. *See Janus Films, Inc. v.*

*Miller*, 801 F.2d 578, 581–82 (2d Cir.1986). Furthermore, stipulations dismissing actions "with prejudice" have the effect of a final adjudication on the merits favorable to the defendants and barring future suits upon the same cause of action. *See Nemaizer v. Baker*, 793 F.2d 58, 60–61 (2d Cir.1986). In this case, because the stipulation agreement dismissed Nance's action "with prejudice," it has the effect of a final adjudication on the merits, thus resolving any jurisdictional concerns.

the terms of the agreement, he was to receive $1,000. While Nance did indeed receive the $1,000, as stipulated, he nevertheless filed an amended complaint, which the district court construed as a motion to reopen. However, he has not offered to disgorge the monetary benefits gained as a result of the terms of the agreement, instead, cashing his check shortly after filing this appeal. Accordingly, the appeal should be dismissed.

Finally, Nance's appeal cites the "U.S. Arbitration Act." While Nance is likely referring to the Federal Arbitration Act, 9 U.S.C.A. § 1 *et seq.*, his appeal nevertheless fails on this ground because this Court will generally not consider an issue raised for the first time on appeal. *See Singleton v. Wulff,* 428 U.S. 106, 120–21, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976).

For the foregoing reasons, we hold that the district court did not abuse its discretion in construing Nance's amended complaint as a motion to reopen and denying it. Accordingly, the Order of the district court is hereby AFFIRMED.