Richard E. STONE, Plaintiff-Appellant,

v.

NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES (N.Y.CDHS), New York City Police Department (N.Y.PD), NYPD Police Officer (P.O.) Sanon—108th Precinct, P.O. Guevara—108th Precinct, P.O. Girdusky—108th Precinct, P.O. Garcia—108th Precinct, an Unidentified Male Black P.O. from 108th Precinct, Salvation Army Borden Ave. Veterans

Residence (BAVR), New York State Division of Parole (N.Y.SDOP), New York City Civilian Complaint Review Board (CCRB), Defendants–Appellees.

No. 05–2381–CV.

United States Court of Appeals, Second Circuit.

Dec. 23, 2005.

Richard E. Stone, New York, N.Y., for Plaintiff–Appellant, pro se.

Pamela Seider Dolgow, Assistant Corporation Counsel, and Michael A. Cardozo, Corporation Counsel, City of New York, New York, N.Y.; Eliot L. Spitzer, Attorney General, State of New York, New York, N.Y., (on submission), for Defendants–Appellees.

PRESENT: Hon. JAMES L. OAKES, Hon. GUIDO CALABRESI, and Hon. RICHARD C. WESLEY, Circuit Judges.

SUMMARY ORDER

Plaintiff–Appellant Richard E. Stone brought suit *in forma pauperis*, alleging constitutional rights violations by city and state agencies, a Salvation Army facility, and five New York City police officers. He complains chiefly of the city's failure to provide adequate security in homeless shelters, and of improper conduct on the part of the law enforcement officers. The district court (Gershon, *J.*) dismissed Stone's complaint, *sua sponte* and pursuant to 28 U.S.C.1915(e)(2)(B), for failure to state a claim on which relief could be granted.

We assume the parties' familiarity with the facts of the case, its procedural history, and the issues on appeal.

We affirm on the district court's detailed Memorandum and Order. Even if the three agencies were proper parties under § 1983—which we by no means hold, *see* New York City Charter § 396 (stating that, unless otherwise provided, all actions for the recovery of legal penalties shall be brought against New York City, rather than its agencies); *Lovanyak v. Cogdell*, 955 F.Supp. 172, 174 (E.D.N.Y.1996) (dismissing suits against New York City agencies on the basis of § 396)—Stone has failed to state claims against them, for the reasons given by Judge Gershon. The conduct which Stone accused the police officers of engaging in does not violate the Constitution or federal law. *See Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir.1986). With respect to the Salvation Army, Stone alleges neither rights violations nor state action. *See Rendell–Baker v. Kohn*, 457 U.S. 830, 835, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982). Stone's claim against the New York State Division of Parole is barred by the Eleventh Amendment to the Constitution. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 268, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997).[1]

---

1. At least some of the Appellees were not served with Stone's notice of appeal. It is the responsibility of the district clerk to serve notice of the filing of a notice of appeal, Fed. R.App. P. 3(d)(1), but it is the responsibility of the appealing party to provide enough copies to go around, Fed. R.App. P. 3(a)(1). Be- cause the failure to serve notice of appeal is not, however, a jurisdictional defect, Fed. R.App. P. 3(a)(2), and because, for the reasons given above, Stone's claims are unable to proceed on their merits, we need not inquire further into the issue of notice.

We have considered each of Stone's claims, and find them all to be without merit. Accordingly, we AFFIRM the judgment of the district court.